**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ICIMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CIGNA CORPORATE SERVICES, LLC, <br><br> Defendant. | Civil Action No. 25-13886 (MAS) (TJB) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

  This matter comes before the Court upon Defendant Cigna Corporate Services, LLC's ("Defendant") Motion to Dismiss (ECF No. 6) Plaintiff iCIMS, Inc.'s ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 7), and Defendant replied (ECF No. 8). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

  Plaintiff's Complaint includes one count of breach of contract. (Compl. ¶¶ 13-18, ECF No. 1.) Plaintiff alleges that on August 31, 2021, the parties executed a New Business Order Form and Subscription Agreement (the "Subscription Agreement") which provided that, in exchange for Defendant's payment of the negotiated subscription fees, Plaintiff agreed to provide Defendant "access to iCIMS Video Studio Application and related services for the duration of a [sixteen]-month subscription period commencing on September 1, 2021."[1] (*Id.* ¶¶ 1, 2, 5, 6.) On or about October 27, 2022, Defendant executed a Renewal Order Form (the "Renewal") which

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

extended the subscription for an additional thirty-six months, from January 1, 2023, to December 31, 2025, in exchange for Defendant's total payment of $198,607.50, to be paid in accordance with "the tiered subscription fee schedule set forth in the Renewal[.]" (*Id.* ¶¶ 7, 8.) On or about February 19, 2024, Defendant sent Plaintiff a "written notice purporting to terminate the agreement for cause and demanding a refund of $12,040.00" (the "Termination Notice"). (*Id.* ¶ 9.) Plaintiff claims that Defendant's Termination Notice was a breach of the Subscription Agreement, which caused Plaintiff to incur losses of "no less than $146,456.10." (*Id.* ¶¶ 10, 11.)

Federal Rule of Civil Procedure[2] 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Defendant now moves to dismiss the Complaint under Rule 12(b)(6), arguing that the statute of limitations for Plaintiff's breach of contract claim has expired. (*See generally* Def.'s Moving Br., ECF No. 6-1.) Defendant argues that Plaintiff's Complaint should be dismissed because the Subscription Agreement has a provision requiring parties to bring any claims arising from the Subscription Agreement within one year, and Plaintiff waited almost sixteen months after the purported breach to bring the present action. (*See id.* at 4-8.) Plaintiff opposes, arguing that: (1) Plaintiff's Complaint alleges breach of the *Renewal*, the terms of which "superseded any prior

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

contract terms," and which does not contain the shortened limitations period; and (2) Defendant's breach "constitutes a continuing wrong that tolls any statutory period until the final breach occurs." (*See* Pl.'s Opp'n Br. 5-8, ECF No. 7.)

"To state a claim for breach of contract under New York law,[3] 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns*, 660 F.3d 131, 142 (2d Cir. 2011)); *see also Healey Alt. Inv. P'ship v. Royal Bank of Canada*, No. 10-1567, 2011 WL 4455447, at *4 (D.N.J. Sept. 23, 2011) (applying New York law).

Here, Plaintiff alleges that: (1) the parties entered a "valid, binding contract" when they executed the Subscription Agreement on August 31, 2021, and the Subscription Agreement was altered in October 2022 when Defendant executed the Renewal "extending the subscription for an additional 36 months" (Compl. ¶¶ 5, 7, 14); (2) Plaintiff "fulfilled or otherwise satisfied all conditions precedent under the Subscription Agreement" (*id.* ¶ 12); (3) Defendant "breached the Subscription Agreement [in February 2024] by sending written notice purporting to terminate the agreement for cause and demanding a refund" (*id.* ¶ 9); and (4) "[a]s a result of Defendant['s] . . . breaches of the Subscription Agreement, . . . [Plaintiff] has incurred losses no less than $146,456.10" (*id.* ¶ 11). "[C]onstru[ing] the complaint in the light most favorable to . . . [P]laintiff," *see Phillips*, 515 F.3d at 233 (internal quotation marks and citation omitted), the

---

[3] The parties agree that New York law applies to their contract dispute. (Pl.'s Opp'n Br. 6; Def.'s Moving Br. 5-6.)

3

Court finds that Plaintiff has sufficiently pleaded a breach of contract claim for the Subscription Agreement, as extended by the Renewal,[4] *see Orlander*, 802 F.3d at 294.

The Court also finds that Defendant's argument that Plaintiff's claim should be dismissed at this stage for being time barred fails. The Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). As a result, "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for dismissal of the complaint under Rule 12(b)(6).'" *Id.* (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.3d 1168, 1174 (3d Cir. 1978)).

Here, the Subscription Agreement provides for a one-year statute of limitations.[5] (Compl. Ex. 1 § 13.10 ("Neither party shall bring any action, regardless of form, arising in connection with

---

[4] To the extent Plaintiff now attempts to argue in opposition that the Renewal is, in fact, a new, separate agreement from the Subscription Agreement that was breached, those arguments fail. Plaintiff did not plead that the Renewal is its own contract, but rather that "[t]he parties then extended the Subscription Agreement for an additional 36-month subscription period when they executed the Renewal." (Compl. ¶ 15.) Plaintiff also did not plead that it fulfilled its own duties under the Renewal or specify what separate provision of the Renewal is breached. (*See id.*); *see also Orlander*, 802 F.3d at 294. Any attempt to modify its allegations through its opposition brief to now allege a separate breach of contract claim for the Renewal is impermissible. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration in original) (internal quotation marks and citation omitted)); *see also Wealth v. Fox Rothschild LLP*, No. 23-3194, 2024 WL 3371354, at *6 n.11 (D.N.J. July 11, 2024) ("It is well settled that [p]laintiffs cannot amend their [c]omplaint through an opposition brief." (citation omitted)).

[5] The Court may consider both the Subscription Agreement and the Renewal on this motion to dismiss because Plaintiff attaches copies of both agreements to its Complaint. (*See* Compl. Exs. 1-2); *see also Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (noting that the court can "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based on [those] documents" on a Rule 12(b)(6) motion (citation omitted)).

this [a]greement more than one (1) year after the date such cause of action arose.")); *see also Krohn v. Felix Indus., Inc.*, 226 A.D.2d 506, 506 (N.Y. App. Div. 1996) ("It is well settled that parties to a contract may agree to limit the period in which an action must be commenced to a shorter time than that otherwise provided by the applicable [s]tatute of [l]imitations."). The Court, however, finds that Plaintiff adequately alleges that the Renewal extended the Subscription Agreement, and the Renewal itself provides that "[t]he parties by their authorized representatives execute this [Renewal] and make it a part of the Subscription Agreement between the parties, the terms of which are available at www.icims.com/gc *as of the date hereof*." (Compl. Ex. 1 at 2 (emphasis added).) A question, therefore, exists as to what the terms of the Renewal—which are located at the website provided "as of the date hereof"—are and whether the Renewal provides for a similar shortened statute of limitations period. This cannot be answered at the motion to dismiss stage and is instead appropriately left for discovery. Because "[a statute of limitations] bar is not apparent on the face of the [C]omplaint," dismissal under Rule 12(b)(6) is, accordingly, not appropriate.[6] *Robinson*, 313 F.3d at 135.

Based on the foregoing,

IT IS, on this 2nd day of December 2025, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 6) is **DENIED**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court finds that a statute of limitations bar is not apparent on the face of the Complaint and denies Defendant's motion to dismiss, at this time the Court need not reach Plaintiff's argument regarding whether the statute of limitations was tolled.